Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ÁNGEL ANÍBAL MALDONADO SÁEZ **RECURRIDO** v LEE ANETTE DE LEÓN DÍAZ **PETICIONARIA** | KLAN202500452 | *Apelación* acogida como *certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Caso Núm. TA2023CV00581 Sobre: División de Bienes |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2025.

### I.

El 21 de mayo de 2025, la señora Lee Anette De León Díaz (señora De León Díaz o peticionaria) presentó un *Recurso de apelación* en el que solicitó que revoquemos una *Sentencia Parcial* emitida, notificada y archivada digitalmente en autos por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 22 de abril de 2025.[1] En el dictamen, el TPI resolvió que un bien inmueble ubicado en el municipio de Corozal tenía carácter privativo y pertenecía exclusivamente al señor Ángel Aníbal Maldonado Sáez (señor Maldonado Sáez o recurrido), exesposo de la señora De León Díaz, quien entabló el presente pleito de división de bienes gananciales en contra de la peticionaria. El foro primario delimitó que, aunque el bien no estaría sujeto a la división de comunidad de bienes, la determinación de su naturaleza privativa

---
[1] Apéndice del recurso, Exh. IX, págs. 92-101.

Número Identificador
RES2025_____

no tendría perjuicio sobre algún crédito que en el futuro pudiese probarse que corresponda a la extinta sociedad de gananciales.

Por tratarse de una determinación sobre un asunto interlocutorio dentro del pleito de liquidación de bienes, el cual no goza de finalidad ejecutable, acogemos el presente recurso como una petición de *Certiorari*, que es el recurso adecuado.

Además, como cuestión de umbral, la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), nos confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Al amparo de ello, dadas las particularidades de este caso, prescindimos de la comparecencia del señor Maldonado Sáez.

En adelante, pormenorizamos los hechos procesales más relevantes para la atención del presente recurso, acogido como *Certiorari*.

**II.**

El presente recurso tiene su génesis el 9 de junio de 2023 cuando el señor Maldonado Sáez radicó una *Demanda* sobre división de bienes en contra de la peticionaria en la que solicitó la liquidación de la comunidad de bienes existente entre las partes.[2] Según alegó, ambos estuvieron unidos en matrimonio hasta su divorcio por ruptura irreparable mediante *Sentencia* emitida el 18 de marzo de 2019, notificada y archivada en autos el 21 de marzo de 2019, en el caso DDI20181522. Además, adujo que, durante la vigencia de la relación, adquirieron bienes y deudas en común que debían estar sujetos a división, tales como un bien inmueble radicado en el municipio de Toa Alta, cuatro (4) vehículos y varias tarjetas de crédito. Por último, reclamó que poseía créditos sobre el inmueble y

---

[2] Íd., Exh. I, págs. 1-2.

un derecho exclusivo a un vehículo. Según detalló, tanto el inmueble como el vehículo estaban bajo el control de la peticionaria.

El 27 de julio de 2023, la señora De León Díaz presentó una *Contestación a demanda* en la que aceptó la mayoría de las alegaciones de la reclamación, pero negó algunas y adujo hechos distintos.[3] Según precisó, durante la espera de la atención de un litigio sobre incumplimiento de un contrato de compraventa sobre la propiedad situada en Corozal, la pareja adquirió otro bien inmueble localizado en el municipio de Toa Alta, cuyos pagos mensuales realizaba la peticionaria. Además, puntualizó qué vehículos fueron adquiridos durante el matrimonio y planteó su posición sobre el carácter privativo o ganancial de estos. Por último, aseveró que la única deuda en común era el préstamo hipotecario sobre la residencia.

Luego de múltiples trámites procesales, el 25 de marzo de 2024, el señor Maldonado Sáez radicó una *Moción solicitando sentencia sumaria parcial* en la que solicitó al TPI que declarara que la propiedad, sita en Corozal, Puerto Rico, tenía carácter privativo y la excluyera de la división de bienes.[4] En esencia, alegó que dicho bien inmueble fue adquirido por el recurrido mediante compraventa previo a que las partes contrajeran matrimonio, pero el cumplimiento de ese contrato tuvo que reclamarse judicialmente y su ejecución fue obtenida mediante acuerdo transaccional durante el matrimonio.

El 13 de mayo de 2024, la señora De León Díaz presentó una *Moción en oposición a "moción solicitando sentencia sumaria parcial" del demandante y en solicitud de dictamen sumario a favor de la demandada-reconvinente* en la que solicitó al TPI que emitiera un

---

[3] Íd., Exh. II, págs. 3-11.
[4] Íd., Exh. VII, págs. 28-76.

dictamen sumario a su favor.[5] En específico, argumentó que la Propiedad tenía carácter ganancial.

El 22 de abril de 2025, el TPI emitió, notificó y archivó digitalmente en autos la *Sentencia Parcial* recurrida en la que resolvió que la Propiedad era un bien de naturaleza privativa, pertenecía exclusivamente al señor Maldonado Sáez y, por lo tanto, no estaría sujeta a la división de la comunidad de bienes, sin perjuicio de cualquier crédito que tuviese la extinta sociedad de gananciales que se pudiera probar durante el juicio en su fondo.[6] En específico, formuló las siguientes determinaciones de hechos incontrovertidos:

1) El 5 de abril de 2003, el demandante, soltero para entonces, otorgó contrato de opción de compraventa para adquirir la propiedad que se describe a continuación:

**RÚSTICA:** Predio de terreno radica en el Barrio Negros, del término Municipal de Corozal, Puerto Rico, compuesto de doce (12) cuerdas, equivalentes a cuatro (4) hectáreas, setenta y dos (72) áreas y ocho (8) centiáreas. En lindes por el Norte, con terrenos de la Sucesión Ramón Fuentes y con terrenos de Felícita Virella; por el Sur, con los de la Sucesión Santos; por el Este, con los de la Sucesión de Gregoria Vázquez; y por el Oeste, con los de Julio Hernández y la Sucesión de Isidoro Ocasio.

Inscrita al folio cuarenta y siete (47) del tomo ciento diecisiete (117) de Corozal, finca número seis mil cincuenta y tres (6,053), inscripción primera (1ra).

*Véase* entrada 39 en el SUMAC, anejo I.

2) El 10 febrero de 2004, el demandante presentó una demanda por incumplimiento de contrato contra los dueños de la propiedad objeto del contrato de opción de compraventa antes mencionado, caso número D AC2004-0462, Tribunal de Primera Instancia, Sala Superior de Bayamón. *Véase* entrada 39 en el SUMAC, anejo II. Se alegó que los dueños de la propiedad se negaban a cumplir con la opción aunque el aquí demandante estaba listo para ejercitar dicha opción.

3) Las partes de epígrafe se casaron posteriormente, el 24 de abril de 2004. *Véase* entrada 39 en el SUMAC, anejo III.

4) En el caso DAC2004-0462, el Tribunal dictó Sentencia de archivo sin perjuicio. *Véase* entrada 39 en el SUMAC, anejo IV.

5) El 9 de agosto de 2005, el demandante presentó una segunda demanda, también por incumplimiento de contrato contra los dueños de la propiedad objeto del contrato de opción de compraventa, caso número D AC2005-2582, ante

---

[5] Íd., Exh. VIII, págs. 77-91.
[6] Íd., Exh. IX, págs. 92-101.

el Tribunal de Primera Instancia, Sala Superior de Bayamón. Véase entrada 39 en el SUMAC, anejo V.

6) Mediante una Sentencia emitida el 12 de agosto de 2010, el Tribunal declaró ha lugar la demanda de incumplimiento de contrato presentada por el demandante en el caso D AC2005-2582. Véase entrada 39 en el SUMAC, anejo VI.

7) Luego de varios trámites procesales intentando ejecutar la Sentencia emitida en el caso D AC2005-2582, las partes presentaron un acuerdo transaccional el 29 de septiembre de 2014, solicitando, en esencia, que la misma fuese ejecutada mediante orden y mandamiento, inscribiendo la propiedad ubicada en Corozal a nombre del demandante, bajo la figura de dación en pago. Véase entrada 39 en el SUMAC, anejo VII.

8) Las partes de epígrafe se divorciaron mediante Sentencia emitida el 18 de marzo de 2019, en el caso D DI2018-1522, ante el Tribunal de Familia y Menores de Bayamón. Véase entrada 39 en el SUMAC, anejo VIII.

9) Los días 25 y 26 de mayo de 2022, respectivamente, en el caso D AC2005-2582, el Tribunal emitió orden y mandamiento, ordenando al Registrador de la Propiedad a inscribir como parte del pago total de la Sentencia, como dación en pago, la propiedad ubicada en Corozal, a nombre del aquí demandante. Véase entrada 39 en el SUMAC, anejos IX y X.

10) El 23 de agosto de 2022, se presentó una instancia ante el Registro de la Propiedad para la correspondiente inscripción. Véase entrada 39 en el SUMAC, anejo XI.[7]

Inconforme, la señora De León Díaz radicó el *Recurso de apelación* de epígrafe y le imputó al TPI la comisión de los siguientes errores:

ERR[Ó] EL TRIBUNAL DE INSTANCIA AL DICTAR SENTENCIA SUMARIA PARCIAL A FAVOR DE LA PARTE DEMANDANTE, AL DETERMINAR QUE HABÍA SIDO REBATIDA LA PRESUNCIÓN DE GANANCIALIDAD Y CONCLUIR QUE UN INMUEBLE ADQUIRIDO DURANTE LA VIGENCIA DEL MATRIMONIO QUE EXISTIÓ ENTRE LAS PARTES PERTENECE AL DEMANDANTE PRIVATIVAMENTE, CUANDO LOS HECHOS QUE CONSIDERÓ PROBADOS O NO CONTROVERTIDOS NO SOSTIENEN DICHO DICTAMEN, RESULTANDO IMPROCEDENTE EL DICTAMEN DE SENTENCIA SUMARIA A FAVOR DE LA PARTE DEMANDANTE.

ERR[Ó] EL TRIBUNAL DE INSTANCIA AL NO DECLARAR CON LUGAR LA SOLICITUD DE SENTENCIA SUMARIA FORMULADA POR LA DEMANDADA.

En síntesis, argumentó que el señor Maldonado Sáez no rebatió la presunción de ganancialidad que aplica a la propiedad sita en Corozal, Puerto Rico. A su entender, el inmueble fue adquirido

---

[7] Íd., págs. 93-94.

durante la vigencia del matrimonio mediante esfuerzos de la extinta sociedad de gananciales y, por ello, le cobijaba la referida presunción. Además, precisó que, en su *Contestación a primer pliego de interrogatorio y producción de documentos*, el recurrido no proveyó prueba para establecer que el inmueble tenía carácter privativo.[8]

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[9] establece las instancias en las que le foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes

---

[8] Íd., Exh. VIII, págs. 90 y 91.

[9] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[10]

**IV.**

En el caso de marras, la señora De León Díaz solicita que revoquemos una *Sentencia Parcial* emitida por el TPI en la que se declaró que la propiedad, un bien inmueble ubicado en el municipio de Corozal, era de carácter privativo, que le pertenecía exclusivamente al señor Maldonado Sáez y, por consiguiente, no estaría sujeto a la división de la comunidad de bienes. Sin embargo, el foro primario también resolvió que el carácter privativo del bien

---

[10] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

no sería óbice para reconocer cualquier crédito que tuviese la extinta sociedad de gananciales, según se pruebe posteriormente en el juicio en su fondo.

Según arguye la peticionaria, el señor Maldonado Sáez no refutó la presunción de ganancialidad que debe aplicarse a la referida propiedad, toda vez que fue adquirida durante el matrimonio, mediante esfuerzos de la sociedad de gananciales.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI, en esta etapa de los procedimientos.

Un examen sosegado del expediente del caso ante nuestra consideración, así como la determinación recurrida, demuestra que no estamos ante una determinación revisable y, en cualquier caso, tampoco sería recomendable nuestra intervención <u>en esta etapa de los procedimientos</u>. Aunque el foro primario anunció su criterio en cuanto a si uno de los bienes en disputa era de carácter privativo o ganancial, se trata de una determinación interlocutoria que no adquiere finalidad hasta que se emita una sentencia ejecutable. Al final del proceso, cuando el TPI emita un dictamen final atendiendo la liquidación de bienes en su totalidad, la peticionaria podrá presentar el asunto traído en el presente recurso como parte de una potencial apelación, de estimarlo conveniente.

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari* solicitado. A tenor con lo dispuesto en la Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R.

35(A)(1), el TPI puede continuar con los procedimientos sin que tenga que esperar por nuestro mandato.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones